Good morning, Your Honors. May it please the Court, my name is Ivan Dale on behalf of the United States. And with the Court's permission, I would like to reserve two minutes for rebuttal. I'm having trouble understanding the argument. Maybe you can clear it up. It looks to me as though the statute says, shall be fined $20 a day, maximum $50,000 or some percent for the smaller ones, and I think it's $100 a day, max $50,000 for the bigger ones. And Service Employees International Union is a big one. I think it had $11 million in revenue. I only saw the first page of the return in the excerpts, but that's what it said. And it just said shall and that number of dollars per day. I don't get from that where there's any discretion in the IRS to say, well, even though it says $100 a day, I'll make it $40 a day for them. That's precisely the government's argument in this case. Oh, I'm sorry. You're the – have I got the wrong side? You're not the employees here? You have made his day. All right. Yeah, I agree, Your Honor. The penalty imposing statute is mandatory, and the IRS doesn't have discretion to sort of willy-nilly rethink what Congress has already contemplated as the appropriate amount to be assessed in a particular case. I think the district court misunderstood that fact. As far as I'm concerned, obviously, you need rebuttal time, but we'll see what my colleague says. Well, I just have one question. You have contended that the district court did not have jurisdiction. Isn't your issue really it had jurisdiction, but it messed up what it did in terms of the law? Isn't that really your position? Our position is the district court had jurisdiction over the case. It did not have – but its jurisdiction was limited to a review of the agency determination. Correct. But you're just saying they didn't have the discretion to change what the statute provided. Correct. That's the fundamental element of our argument. I just wanted to be sure, because if I recall correctly, your brief suggested the district court may not have even had jurisdiction to consider anything, and that's not your argument, is it? No, Your Honor. That's not the argument. I mean, that related to the remedy that was fashioned, but you don't reach that if you find that the decision was incorrect, which we submit is. And so we are asking this Court to reverse the decision of the district court and to remand with instructions to sustain the decision of the government to sustain an IRS collection action. If the Court has any other questions, I'd be pleased to hear them. Otherwise, I will sit back down. Thank you. Thank you, counsel. Good morning. William Taggart on behalf of Service Employees International. Governor, since I mixed up which side was going first, you've now had plenty of time to think about my question. Well, I'm actually glad that you focused on that, because I have always wondered why this case was appealed, and I think it is largely because the district court made an unfortunate choice of language in the third reason it gave when it said that in the IRS erred in imposing or abused its discretion in imposing the maximum penalty that is imposed by 6652. That was just, I think, an unfortunate choice of words, because the government is correct and the cases that they cited are correct in that the statute prescribes a specific penalty, and I don't think the court, any court, has the authority to change the formula for the penalty. Well, given that, on what basis did the district court make the change that it did? Whatever it said. What's the authority? I understand that. There are two bases of authority for the court to make that change, the first one being in the statute itself, the reasonable cause exception that the CDP. What is reasonable cause? I thought there was no finding that this case fit that. That was on a motion for summary judgment in the district court at the CDP hearing level. The appeals officer completely refused to consider that question because she didn't think she had authority to do it. But if I can go on, because this came up as a CDP case, collection due process case under 6330. And under that provision, there are two parts of it. One is the substantive issue and the other is the straight collection issue. And under 6330, the appeals officer in a CDP hearing has the authority to abate a portion. I'm not sure that's true. One statute says there shall be paid, and it says either $100 or $20 with 50,000 ceiling. And the other one says no penalty shall be imposed with respect to any failure if it is shown that such failure is due to reasonable cause. So it looks like it's 100 or nothing from the words of those statutes. Under 6652, I believe that that is correct. Under 6330, because it is a penalty, it's collected like a tax, it can always be abated. Why wouldn't it get to 6330? Because there was an appeal of a collection issue, and 6330 establishes an entire procedure. But the district court didn't go that direction, did it? But in that sense, I think the question of jurisdiction is correct. Aren't you implying that had the district court gone there, it could have gotten released that way? But you have to understand the way the CDP case gets into the district court, and that is an appeal of a decision in the 6330 hearing before the appeals officer. That decision is appealed under the substantive issue. The tax court has clearly decided that that is a de novo hearing in the tax court, and at that time you could go into district court with it. The collection issue is viewed on an abuse of discretion. Let's look at 6330. Thank you. What words are we supposed to look at that support your case? I've got 6330 here. On the procedural appeal, the 6330-D, on the ---- 6330-D, I believe. Procedure after hearing. Right. 6330C2B and A prescribe the two forms of issues that come before. I'm looking at them. What words provide for abatement as opposed to relief from this penalty? The language that says in the ---- Feel free to grab your copy. No, no, that's okay. 6330C2B, I believe, says that if no statutory notice of deficiency was issued, any issue can be raised in a collection due process here. Not exactly. It says the person may raise at the hearing challenges to the existence or amount of the underlying tax liability for a period if the person did not receive notice of deficiency. That's precisely right. So you can certainly raise a challenge to amount. But reconciling those two provisions, I still don't understand why that means abatement. It seems like all it would mean is you can raise a challenge to amount, and we know the amount is supposed to be $100 a day. So if they made an arithmetic error in their multiplication or if they made a calendar error in counting the days, then you've got a challenge to the amount. And that reads both statutes to be effective. I think that is reading the word amount far too narrowly in the application procedure. Even if you do that, though, you're still stuck with the shall language in the section that calculates where they're supposed to rely upon to calculate the amount due. How do you reconcile that? I think that you reconcile that because all the penalty is a tax. All of the tax liabilities and penalties, I believe, use the language shall, and 7122 gives the Internal Revenue Service discretion to modify any, on an appropriate case, modify any tax liability. Well, let's say the Internal Revenue has that right. We're talking now, this is an appeal from the district court, right? But you're saying because the Internal Revenue made the modification, basically you're saying that the Internal Revenue had the ability to make whatever assessment it wanted, from zero to whatever, regardless of the statute. No, I'm not saying that. I'm saying that under 6652, the Internal Revenue Service was required to assess the penalty that is imposed by that section. Under 6330 and 7122, the procedure is 6330. The Internal Revenue Service has the authority to modify, abate, compromise. Do you have any case law that substantiates your position? In terms of? It says that the statute you've cited permits the service or a district court to do what you've just described. The Internal Revenue Service manual that prescribes. I meant the manual. I'm talking about case law. We're interpreting a statute here. What case law gives the service the authority to, in effect, nullify the language of another statute? I think that both the Green-Thadpetty case and, well, the Giamelli case, which is discussed, which was there are five different opinions of the tax court in that, but that certainly describes the authority of the Internal Revenue Service to modify in 6330. In this particular factual situation or just speaking generally? I'm only speaking generally because 6330 is a general case, a general procedure that had for a while only limited application. Do you have any case law, Counsel, that talks about these two statutes, the juxtaposition of these two statutes, and that you say gives the Internal Revenue Service the authority to abate the language called for by the Congress? When I researched that particular very narrow issue, the only case that even discusses those two code sections is my case before the tax court, where I was thrown out of tax court on that appeal. So basically we're writing on a blank slate here? That's right. Why would we want to write on a blank slate something that gives the IRS that kind of authority? Here's what I'm thinking. It's kind of tough to get where you're going from the words. I guess you could. You've given a very subtle analysis that would maybe let us go that way if we wanted to. However, it would mean that if you happen to get an auditor or examiner who likes unions, you get a break. And if you get one that doesn't like unions, you get hammered. You get one that likes the NRA, one that likes the Sierra Club. Why would you want them to have discretion? The Sago and Giozzo cases, which were two of the first CDP cases decided by the tax court, address the substantive issue and the question of the discretion of the court. I'd like to preserve the last 15 seconds. Thank you. You don't get rebuttal because you won. Thank you. We've got another issue. Pardon? There's another issue. You better raise it right now. You don't get a separate ten minutes for that. I understand. Counsel? Thank you, Your Honor. I just want to clarify a couple of things that came up in argument. The reasonable cause issue, I think that that actually was addressed by the IRS Office of Appeals. They considered the affidavits that were submitted. I understood that to mean something like you've done everything you're supposed to do as a taxpayer. You signed it. You left it with your accountant, and he just forgot to send it in, that sort of thing. That was their argument. The reasonable cause means that the taxpayer or exempt organization exercised ordinary business care and prudence and, despite that, were unable to, due to circumstances beyond their control, comply with the statute. It's a loaded term. It's been around for a long time. I can only presume that Congress, by using these words, was attempting to incorporate them. Oh, it can happen. I mean, all the things we routinely get in Alaska, earthquakes, floods, volcanoes. They're trying to buy with California. But I think that's right, and those are the sort of reasonable cause circumstances. But it's long been held by the Supreme Court that reliance on your accountant as a matter of law doesn't constitute reasonable cause. But I gather that reasonable cause was not found either by the IRS or by the district court. Is that correct? That's correct. The government cross-moved for summary judgment, and the district court held that there was no reasonable cause in this case. So if that's the case, then 652C4 can't be the basis for the discretion that we're talking about here. As I understood this case, what they were claiming was some sort of internal office politics, which I didn't really understand. There are two arguments for reasonable cause. Is there anything else that's in the record, I might have missed it, that explains why it took I think it was four years to file this informational return that does not require any money? It was 20 months for SEIU. That was 20 months after all the extensions. Correct. And they'd gotten extensions for a very extended period. Great. They each got six-month extensions. No, the only two arguments were that they had, it was sort of a vague allegation, that they had hoped that their accountant would sort of push them to file these things. I thought the accountant had prepared the informational returns and they had signed the informational returns and they just weren't sent in for filing. That's correct. So there's no explanation for why it was signed by the agency. Is there anything that's disclosed on these things that a nonprofit might have an interest in not disclosing for a while? Sure. I mean, they are required to disclose the salaries to the officers and directors. They disclose lobbying activities, political contributions, that sort of thing, and that's why there's the penalties to ensure that, number one, they're being operated for an exempt purpose, and, number two, to ensure that people who contribute to a 501C3 or pay union dues to a 501C5 know that, you know, their dues are going to the property where they think they're going and that the enterprise is fiscally sound. Counsel, I want to be sure on the reasonable cause issue about a couple of things. First of all, what's the standard of review that we apply to that issue? As a challenge to the underlying liability, it is de novo. Okay. So it's de novo. So is there anything that you're aware of in the record that we could point to that would suggest that reasonable cause was improperly denied either by the IRS or by the district court? No. I think it's foreclosed by Supreme Court precedent, at least on the reliance on an agent. And in which case are you referring to there? That's the Boyle versus United States. Okay. And the interoffice politics doesn't seem to be, I mean, you know, you're an agent for SEIU, so you are the taxpayer, so your decision to, you know, play politics, well, that's not. The taxpayer has the burden, does it not? That's correct. So the taxpayer does not come forward with the appropriate evidence to satisfy the trier of fact. That's the end of the story as far as reasonable cause is concerned. I think so. It's been, it's almost, it's virtually been conceded at this point. At least, I mean, there was language in their opposition papers or on the, in their motion, their Rule 59 motion, which suggested that they agreed with the district court's decision, at least not to enter summary judgment in their favor. Maybe they can, and maybe they contend there was a fact issue. I'm not certain on that. But, no, there's no, it's been virtually conceded, and even if it weren't, it ought to be because it's pretty well foreclosed by Preston. Beyond that, 6330 doesn't vest, contrary to the suggestion of the IRS, with a new authority to rethink what should be the appropriate amount of tax or penalties. How can the words be read in 6330? If you wanted to create that kind of discretion? I'm asking you what the right way to read the words is. To read the words? Yes. Is, you read the words to say that the challenge of the, well, the person may raise challenges to the. The moment says that the use of the word amount in 6330, I think it's C2B, enables a discretionary change in the amount. Why not? Well, because taxes can be, I mean, if it's a tax liability, perhaps it was excessive because you did not generate that much income in their score. It should be a lesser amount than was assessed. I mean, this procedural statute is designed to encompass all sorts of situations, not just the all or nothing penalty that we have here. Well, actually, in C2B, the way I'm looking at it, it's tied to the end of the paragraph as well. It says the person may raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability. I gather that was not the case here, or did not otherwise have an opportunity to dispute such tax liability. And I gather that was not the case here. That's correct. Is that correct? That's correct. So is there any way to read C2B as in the way that counsel for the respondent did? I don't think so, Your Honor. And I see that I'm out of time, but I do want to just very briefly address the amount situation. For instance, if they had filed their, if their contention was that they had filed their return four weeks late instead of two months late, well, then that would be a viable challenge to the amount. But the tax or penalty that is assessed is, it either is or isn't. The IRS doesn't have discretion to assess this taxpayer one amount or an identically situated taxpayer a different amount. That would be quite problematic in terms of tax administration. Thank you, counsel. Thank you. SEIU v. United States is submitted.
judges: Tg Nelson, Kleinfeld, M. Smith, Cjj